2023R00815/APT/ADK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FILED
DEC 05 2024
AT 8:30 1:55 PM
CLERK, U.S. DISTRICT COURT - DNJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. (BRM) |
| | : | |
| v. | : | Crim. No. 24-793 |
| | : | |
| AUGUSTINE CHIBUZO ONYEACHONAM, | : | Count One |
| | : | 18 U.S.C. § 1349 |
| STANLEY ASIEGBU, | : | (Wire Fraud Conspiracy) |
| a/k/a "Stanislaus Asiegbu," and | : | |
| CHUKWUEBUKA NWEKE-EZE | : | Counts Two and Three |
| | : | 18 U.S.C. § 1343 and § 2 |
| | : | (Wire Fraud) |
| | : | |
| | : | Count Four |
| | : | 18 U.S.C. § 371 |
| | : | (Securities Fraud Conspiracy) |
| | : | |
| | : | Count Five |
| | : | 18 U.S.C. § 1028(f) |
| | : | (Identity Theft Conspiracy) |
| | : | |
| | : | Counts Six through Nine |
| | : | 18 U.S.C. § 1028A and § 2 |
| | : | (Aggravated Identity Theft) |

### INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

### COUNT ONE
(Wire Fraud Conspiracy)

### Overview

1.    From at least as early as in or around 2018 through the present, defendants AUGUSTINE CHIBUZO ONYEACHONAM ("ONYEACHONAM"), STANLEY ASIEGBU, a/k/a "Stanislaus Asiegbu" ("ASIEGBU"), CHUKWUEBUKA NWEKE-EZE ("NWEKE-EZE"), and others (collectively, the "Conspirators")

orchestrated an internet-enabled fraud scheme (the "Fraud Scheme") that targeted victims throughout the United States, including in the District of New Jersey. As part of the Fraud Scheme, the Conspirators impersonated real investment advisors and solicited investment from members of the public through fraudulent public-facing websites operated by the Conspirators. Over the course of the Fraud Scheme, the Conspirators caused dozens of victims to suffer millions of dollars in losses.

### Relevant Individuals, Entities, and Terms

2.  At times relevant to this Indictment:

    a.  ONYEACHONAM, ASIEGBU, and NWEKE-EZE were citizens of, and resided in, the Federal Republic of Nigeria.

    b.  The Financial Industry Regulatory Authority ("FINRA") was an independent nongovernmental organization that regulated member brokerage firms and exchange markets. FINRA operated the Central Registration Depository ("CRD"), the central licensing and registration system used by the U.S. securities industry and its regulators, which contained the registration records of broker-dealer firms and their associated individuals. FINRA assigned a unique CRD number to licensed FINRA brokerage firms and broker-dealers.

    c.  "BrokerCheck" was a website managed by FINRA that allowed any member of the public to view a registered broker-dealer's employment history, certifications, licenses, or prior violations.

    d.  The United States Securities and Exchange Commission ("SEC") was an independent agency of the executive branch of the United States government.

The SEC was responsible for protecting investors, enforcing federal securities laws, and promulgating rules and regulations in keeping with the same.

  e. "Website spoofing" involved the creation of a website with the intention of misleading visitors to the website that the website was created and was being operated by a different person or organization. A "spoofed" website often adopted the design of the target (true) website and sometimes had a similar internet domain name.

  f. Victim-1 was a resident of New Jersey.

  g. Victim-2 was a resident of California.

  h. Victim Broker-1, Victim Broker-2, Victim Broker-3, and Victim Broker-4 were licensed with FINRA as broker-dealers and assigned unique CRD numbers.

  i. Company-1 was a domain registrar and web hosting company headquartered in Arizona.

  j. Company-2 was a network and internet security products company that offered reverse proxy services, among other services. In computer networks, a "reverse proxy" is a computer server that appears to any internet user to be an ordinary web server, but, in reality, acts as an intermediary between the user and the ordinary web server. One function of a reverse proxy is to hide the IP address of the ordinary web server, which increases the server's security.

  k. Software Company-1 was a software company headquartered in Wisconsin that offered voice-changing software applications. Application-1 was a voice-changing software application offered by Software Company-1.

### The Conspiracy

3.    From at least as early as in or around 2018 through the present, in the District of New Jersey and elsewhere, the defendants,

> AUGUSTINE CHIBUZO ONYEACHONAM,
> STANLEY ASIEGBU,
> a/k/a "Stanislaus Asiegbu," and
> CHUKWUEBUKA NWEKE-EZE,

did knowingly and intentionally conspire with each other and others to devise and intend to devise a scheme and artifice to defraud individuals, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

### Goal of the Conspiracy

4.    The goal of the conspiracy was for ONYEACHONAM, ASIEGBU, NWEKE-EZE, and the other Conspirators to enrich themselves by impersonating FINRA broker-dealers, creating spoofed websites, soliciting money from individuals via the internet, and fraudulently obtaining money from those individuals.

### Manner and Means of the Conspiracy

5.    It was part of the conspiracy that:

    a.    The Conspirators used, without authorization, the identities of

4

dozens of individuals registered as broker-dealers with FINRA, including Victim Broker-1, Victim Broker-2, Victim Broker-3, and Victim Broker-4 (collectively, the "Victim Brokers").

   b. The Conspirators created hundreds of spoofed websites in the names of the Victim Brokers (the "Spoofed Websites"), which purported to offer investment management and trading services. The Spoofed Websites often included genuine credentials associated with the Victim Brokers such as employment or examination history and CRD numbers. At times, the Spoofed Websites also included links to the FINRA BrokerCheck web page associated with a particular Victim Broker.

   c. The Conspirators created social media accounts, which purported to be operated by the Victim Brokers. At times, the Conspirators posted links to these fake social media accounts on the Spoofed Websites.

   d. The Conspirators used the seal of the SEC on both the Spoofed Websites and in exchanges with victims of the Fraud Scheme (the "Fraud Victims"). The Conspirators further forged the signature of an SEC Senior Officer on certificates attesting that certain Victim Brokers were licensed. These same certificates were, at times, displayed on the Spoofed Websites.

   e. The Conspirators lured the Fraud Victims to the Spoofed Websites by touting the services of the Victim Brokers through the comment sections of online articles or videos discussing financial and cryptocurrency investment-related topics. At times, the Conspirators would include links to one of the Spoofed Websites.

f. When a Fraud Victim visited a Spoofed Website, he or she was directed to communicate with an individual they believed to be a legitimate broker-dealer by contacting a telephone number or email address listed on the Spoofed Website.

g. The Conspirators, posing as the Victim Brokers, communicated with Fraud Victims through a variety of means, including email, phone calls, and encrypted chat applications. During these communications, the Conspirators, among other things: (1) told Fraud Victims that their money would be invested in various stocks and cryptocurrencies; and (2) guaranteed Fraud Victims returns on their investments of up to 25%.

h. The Conspirators used voice-changing software applications, including Application-1, to impersonate certain female Victim Broker Dealers when communicating with Fraud Victims by telephone.

i. When a Fraud Victim decided to invest money with one of the Conspirators posing as a Victim Broker, he or she was told to: (1) open an account at a particular cryptocurrency trading platform; (2) purchase cryptocurrency assets through that platform; and (3) send the cryptocurrency assets to a particular cryptocurrency wallet address for the purpose of investment. In reality, the funds transferred by the Fraud Victims to the Conspirators were not invested but were stolen by the Conspirators as part of the Fraud Scheme. At times, Fraud Victims' funds were stolen directly from the account(s) opened by them at a particular cryptocurrency exchange.

j. The Conspirators created fraudulent online investment platforms that falsely displayed monthly returns associated with the Fraud Victims' investments. For example, the Conspirators created online investment platforms called "Lumentrades" and "Nuvoak" with corresponding websites (the "Lumentrades Website" and the "Nuvoak Website"). A Fraud Victim visiting one of the fraudulent investment platforms typically would observe substantial returns on their investment. At times, Fraud Victims were encouraged by these returns and invested additional funds.

k. At times, when a Fraud Victim requested to withdraw funds from their account, they would be asked by the Conspirators to pay additional money in fees or taxes to withdraw the funds. After paying these fees, the Fraud Victims' funds would still not be released.

l. The Conspirators caused dozens of Fraud Victims to transmit funds that they believed to be for investments in the aggregate amount of at least approximately $3 million.

In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO AND THREE
(Wire Fraud)

1. The allegations in paragraphs 1, 2, 4, and 5 of Count One of this Indictment are re-alleged here.

2. On or about the dates set forth below, in Hudson County, in the District of New Jersey, and elsewhere, the defendants,

> AUGUSTINE CHIBUZO ONYEACHONAM,
> STANLEY ASIEGBU,
> a/k/a "Stanislaus Asiegbu," and
> CHUKWUEBUKA NWEKE-EZE,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and, for purposes of executing and attempting to execute such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, pictures and sounds, as set forth more fully below, each such wire transmission constituting a separate count of this Indictment:

| Count | Victim | Date | Description |
|---|---|---|---|
| Two | Victim-1 | February 28, 2022 | Interstate wire transfer of approximately $22,750 |
| Three | Victim-2 | March 9, 2023 | Interstate wire transfer of approximately $95,000 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR
(Conspiracy to Commit Securities Fraud)

1.  The allegations in paragraphs 1, 2, 4, and 5 of Count One of this Indictment are re-alleged here.

### The Conspiracy

2.  From at least as early as in or around 2019 through the present, in Hudson County, in the District of New Jersey, and elsewhere, the defendants,

AUGUSTINE CHIBUZO ONYEACHONAM,
STANLEY ASIEGBU,
a/k/a "Stanislaus Asiegbu," and
CHUKWUEBUKA NWEKE-EZE,

did willfully and knowingly conspire and agree with each other and others to, directly or indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, use manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 in connection with the purchases and sales of securities by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, contrary to Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

## Overt Acts

3.  In furtherance of the conspiracy and to effect the object of the conspiracy, ONYEACHONAM, ASIEGBU, NWEKE-EZE, and the other Conspirators committed the following overt acts, in the District of New Jersey, and elsewhere:

   a. On or about August 5, 2018, ONYEACHONAM registered the Lumentrades Website at Company-1.

   b. On or about July 1, 2019, NWEKE-EZE sent an email to a prospective Fraud Victim with the subject line "Lumentrades Investment Opportunity".

   c. On or about November 10, 2019, ONYEAHCHONAM registered a Spoofed Website in the name of Victim Broker-3 at Company-1.

   d. On or about November 12, 2019, ONYEACHONAM registered an email address in the name of Victim Broker-3.

   e. On or about July 3, 2020, ONYEACHONAM visited a Spoofed Website in Victim Broker-4's name.

   f. On or about July 12, 2020, NWEKE-EZE fraudulently promoted the services of Victim Broker-2 by commenting on a YouTube video.

   g. On or about August 13, 2020, a Conspirator, posing as Victim Broker-2, sent an email to a Fraud Victim stating, "I trade across three major financial markets to achieve an immaculate trade performance and maximize profit generation."

h.   On or about August 14, 2020, a Conspirator, posing as Victim Broker-3, sent an email to a Fraud Victim with identical language to the email described in Paragraph 3(g), above, sent by a Conspirator posing as Victim Broker-2.

i.   On or about September 3, 2020, ONYEACHONAM purchased Application-1 from Software Company-1.

j.   On or about October 13, 2020, ONYEACHONAM conducted a Google search for "whatsapp call voice changer."

k.   On or about October 20, 2020, ONYEACHONAM visited a Spoofed Website in Victim Broker-2's name.

l.   On or about February 22, 2021, a Conspirator, posing as Victim Broker-4, sent an email to a Fraud Victim advising, "to maximize profit realization, your capital will be distributed between the stock market and digital currency market." The email included the seal of the SEC and a logo associated with FINRA's BrokerCheck website.

m.   On or about March 12, 2021, ASIEGBU created an account with Company-2 associated with a Spoofed Website in the name of Victim Broker-1

n.   On or about February 24, 2022, a Conspirator, posing as Victim Broker-1, sent an email to Victim-1 which advised Victim-1 that Victim-1's investment would be "distributed between the stock market . . . and digital currency market . . ."

o.   On or about February 28, 2022, a Conspirator caused Victim-1 to send an interstate wire transfer of approximately $22,750 from a location inside of New Jersey to a location outside of New Jersey.

p.      On or about March 16, 2022, ASIEGBU conducted a Google search for the name of one of the Victim Brokers.

q.      On or about June 20, 2023, a Conspirator sent an encrypted chat message to Victim-2 falsely advising Victim-2, "your portfolio is at $358,964."

r.      On or about March 4, 2024, ASIEGBU conducted a Google search for "how to write first call meeting script financial advisor template."

In violation of Title 18, United States Code, Section 371.

## COUNT FIVE
(Conspiracy to Commit Identity Theft)

1. The allegations in paragraphs 1, 2, 4, and 5 of Count One of this Indictment are re-alleged here.

### The Conspiracy

2. From at least as early as in or around 2019 through the present, in Hudson County, in the District of New Jersey, and elsewhere, the defendants,

AUGUSTINE CHIBUZO ONYEACHONAM,
STANLEY ASIEGBU,
a/k/a "Stanislaus Asiegbu," and
CHUKWUEBUKA NWEKE-EZE,

did knowingly and intentionally conspire and agree with each other and others to transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, names and CRD numbers belonging to FINRA broker-dealers, including Victim Broker-1, Victim Broker-2, Victim Broker-3, and Victim Broker-4, with the intent to commit, or aid or abet, or in connection with, unlawful activity that constituted a violation of Federal law, contrary to Title 18, United States Code, Section 1028(a)(7).

### Goal of the Conspiracy

3. The goal of the conspiracy was for ONYEACHONAM, ASIEGBU, NWEKE-EZE, and the other Conspirators to use the names and CRD numbers of real FINRA broker-dealers in order to fraudulently solicit money from investors via the internet.

### Manner and Means of the Conspiracy

4. It was part of the conspiracy that:

13

      a.      The Conspirators used the names and CRD Numbers of actual FINRA broker-dealers on the Spoofed Websites to solicit and fraudulently obtain money from the Fraud Victims.

      b.      The Conspirators impersonated actual FINRA broker-dealers in email and telephone communications with the Victim Investors, including by using the names and CRD numbers of Victim Broker-1, Victim Broker-2, Victim Broker-3, and Victim Broker-4, among others.

In violation of Title 18, United States Code, Section 1028(f).

## COUNTS SIX THROUGH NINE
(Aggravated Identity Theft)

1. The allegations in paragraphs 1, 2, 4, and 5 of Count One of this Indictment are re-alleged here.

2. On or about the dates set forth below, in Hudson County, in the District of New Jersey, and elsewhere, the defendants,

AUGUSTINE CHIBUZO ONYEACHONAM,
STANLEY ASIEGBU,
a/k/a "Stanislaus Asiegbu," and
CHUKWUEBUKA NWEKE-EZE,

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, described in the table below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as set forth in Count One of this Indictment, knowing that the means of identification belonged to another actual person, each constituting a separate count of this Indictment:

| Count | Approximate Date(s) | Identity Theft Victim | Means of Identification |
|---|---|---|---|
| SIX | February 24, 2022 | Victim Broker-1 | Name and CRD Number |
| SEVEN | August 13, 2020 | Victim Broker-2 | Name and CRD Number |
| EIGHT | August 14, 2020 | Victim Broker-3 | Name and CRD Number |
| NINE | February 22, 2021 | Victim Broker-4 | Name and CRD Number |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS AS TO COUNTS ONE THROUGH FIVE

As a result of committing the offenses charged in Counts One through Five of this Indictment, the defendants,

>AUGUSTINE CHIBUZO ONYEACHONAM,
>STANLEY ASIEGBU,
>a/k/a "Stanislaus Asiegbu," and
>CHUKWUEBUKA NWEKE-EZE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, and all property traceable to such property.

### Substitute Assets Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

                                                    A TRUE BILL

                                                    FOREPERSON

*Philip R. Sellinger* (signature)

PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: <u>24-793(BRM)</u>

# United States District Court
# District of New Jersey

### UNITED STATES OF AMERICA

v.

### AUGUSTINE CHIBUZO ONYEACHONAM, STANLEY ASIEGBU, a/k/a "Stanislaus Asiegbu," and CHUKWUEBUKA NWEKE-EZE

## INDICTMENT FOR

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 371
18 U.S.C. § 1028(f)
18 U.S.C. § 1028A

A True Bill



Foreperson

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

ANTHONY P. TORNTORE
ANDREW D. KOGAN
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY